UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CASE NO: 20-13246-LMI

KEVIN ROB GONZALEZ
CHRISTINE ABBIOLA CHARLES
    Debtor(s)
_____/

TRUSTEE'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO MODIFY
AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING
(Increased income and failure to file verification of disposable income)

Nancy K. Neidich, Standing Chapter 13 Trustee, files this Motion to Dismiss for failure to disclose income or in the alternative Motion to Modify and states as follows:

1. Based on information provided regarding the debtors' income prior to confirmation, the Trustee believed that the debtors' income was understated on the Schedule I or Statement of Current Monthly Income and Disposable Income Calculation (CMI form).

2. To avoid an evidentiary hearing on the debtors' income, the parties agreed to yearly income verification.

3. The debtors' plan states that the debtors would provide copies of their tax returns to the Trustee and provide verification of their disposable income. See 11 U.S.C. §521(f).

4. According to the debtors' tax returns, the debtors have understated their income and/or have a large increase in income.

5. The debtors are required to file a statement of the income and expenditures of the debtors and evidence and calculation of how those monthly expenditures and income are calculated.

6. The debtors' disclosed income on the last filed CMI form was **$50,952.72.**

7. Debtors' income according to the debtors' 2020 tax returns was **$78,603.00.** The Trustee has not received the debtors' 2021 tax returns.

8. The amount of undisclosed income per MONTH or the difference between the income disclosed on the debtors' tax returns and the amount of income disclosed on the CMI (with a 5% increase each year) was **$2,091.89** *(amount of undisclosed income per month.)*

9. The total payment to unsecured creditors is **$50,246.77. The plan pays unsecured general creditors a total of $10,548.00.**

10. The Supreme Court in *Hamilton v. Lanning* (560 US 505, 2010) has interpreted the disposable income due under a plan to be forward looking.

11. The debtors have not filed an amended CMI form (or if under median an amended Schedule I and J), and concurrently provided the Chapter 13 Trustee with evidence that is self-explanatory and calculation of ALL expenses not derived directly from the US Trustee's web site. All non-IRS standard expenses must also include a short explanation and documentation of why it is reasonable and necessary.

WHEREFORE, the Trustee requests that this case be dismissed as the debtors have failed to file the documents required under 11 U.S.C. §521(f) and provide the evidence and calculation of all expenses not determined by the IRS standards and for any other relief that the Court may deem necessary.

RESPECTFULLY SUBMITTED:
NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806

By: /s/ _____
Amy E. Carrington, Esq.
*Senior Staff Attorney*

FLORIDA BAR NO: 101877

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Dismiss for failure to disclose income or in the alternative Motion to Modify and the Notice of Hearing was served through NEF on debtors' attorney and by US First Class mail on the address listed below on _APRIL 14, 2022_

KEVIN ROB GONZALEZ
CHRISTINE ABBIOLA CHARLES
240 NW 25th Street #723
Miami, FL 33127-4330

/s/ _____
Amy E Carrington, Esq